IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WONGUS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES BUREAU OF PRISONS | : | NO. 07-275 |

## REPORT AND RECOMMENDATION

**L. Felipe Restrepo**                                                                        **August 30, 2007**
**United States Magistrate Judge**

      Before the Court is a Petition for Writ of Habeas Corpus filed by Kevin Wongus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky. For the reasons set forth below, the petition should be dismissed.

## BACKGROUND

      This Court's docket at Criminal Action No. 99-76 reflects that on June 16, 1999, following a jury trial before the Honorable Bruce W. Kauffman, petitioner was convicted of Possession of a Firearm by a Convicted Felon. The docket further reflects that on March 17, 2000, Wongus was sentenced to one hundred eighty-eight (188) months in prison, and a term of five (5) years of supervised release, and a special assessment of $100.00. See also Hab. Pet. at 1 (acknowledging 188 months prison sentence).

      On January 22, 2007, the Clerk of this Court received the present § 2241 petition challenging the execution of petitioner's sentence by the federal authorities. Specifically, Wongus challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons

("BOP"). He contends that the BOP has misinterpreted 18 U.S.C. § 3624(b)[1] in utilizing a formula for calculating his GCT based on the **actual time in prison** rather than the sentence imposed. See Hab. Pet. at 4-10; see, e.g., O'Donald v. Johns, 402 F.3d 172, 173 (3d Cir. 2005) (per curiam) ("To effectuate its interpretation of the statute, the BOP utilizes a formula for calculating GCT which takes into account the fact that an inmate's time **actually served** becomes incrementally shorter each year as he is awarded GCT.") (emphasis added), cert. denied, 126 S. Ct. 1906 (2006).

Petitioner argues that the plain language of the statute requires that his GCT be calculated based on the **sentence imposed** and not the **actual time served**. See Hab. Pet. at 4. Alternatively, he argues that, even if the statute is ambiguous, the "rule of lenity" should supersede any deference owed to the BOP's interpretation. Id. at 9. Therefore, construing his petition liberally, he requests that the BOP be required to recalculate his projected release date to reflect credit for GCT based on the sentence imposed rather than the time served. For the reasons which follow, the habeas petition should be dismissed for lack of jurisdiction.

## DISCUSSION

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." See

---

1. Section 3624(b) reads in relevant part: "[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of his life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1); see Nye v. Federal BOP, 137 Fed. Appx. 509, 509-10 (3d Cir. 2005) (per curiam).

Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (citing United States v. Mares, 868 F.2d 151, 151 (5th Cir. 1989)); see United States v. Allen, 124 Fed. Appx. 719, 721 (3d Cir. Feb. 11, 2005) ("[t]he **exclusive** remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241") (emphasis added); Mares, 868 F.2d at 151 ("A claim for time served prior to the date of a federal sentence . . . must . . . proceed via a petition for habeas corpus under 28 U.S.C. § 2241."); United States v. Reed, 2006 WL 2349987, at n.2 (E.D. Pa. Aug. 11, 2006) (citing Coady and Allen). Therefore, this petition was properly brought under 28 U.S.C. § 2241.

The statute governing jurisdiction over writs of habeas corpus provides that writs may be granted by "the district courts . . . **within their respective jurisdictions.**" 28 U.S.C. § 2241(a) (emphasis added). In Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004), the United States Supreme Court noted that the phrase "within their respective jurisdictions" means that a writ of habeas corpus acts not upon the prisoner, but upon the prisoner's custodian, and that only those courts with jurisdiction over the custodians, that is, those courts within the "district of confinement," may issue the writ. Padilla, 124 S. Ct. at 2722-23; see also Hanni v. Lappin, 2005 WL 2811358, at *1 (E.D. Pa. Oct. 25, 2005) (citing Padilla). The Third Circuit has held that "[i]t is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); see also Hanni, 2005 WL 2811358, at *1. Thus, a § 2241 petition must be presented to "the district court **in the United States District where the petitioner is incarcerated**, and naming the warden of the . . . facility as a respondent." Allen, 124 Fed. Appx. at 721 (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)) (emphasis added); Reed, 2006 WL 2349987, at n.2 (citing Allen); see

Mares, 868 F.2d at 151 (a § 2241 petition raising a claim for time served prior to the date of a federal sentence must be filed "**in the district where [the petitioner] is incarcerated**") (emphasis added).  "[I]f the [§ 2241 petitioner] files in another district, **that court has no jurisdiction to hear the petition.**"  Id. (emphasis added); see also Allen, 124 Fed. Appx. at 721 (citing Barden, 921 F.2d at 478-79); Reed, 2006 WL 2349987, at n.2 (citing Allen).

Here, this Court's civil docket as well as the return address on the envelope which accompanied Wongus' petition reflects that Wongus is confined at the Federal Correctional Institution in Ashland, Kentucky, which is located within the jurisdictional boundaries of the Eastern District of Kentucky.  See 28 U.S.C. § 97(a).  As such, this Court does not have jurisdiction to hear the § 2241 petition, and the petition should be dismissed.  See, e.g., Allen, 124 Fed. Appx. at 721; Mares, 868 F.2d at 151.

Moreover, it appears that even if this Court had jurisdiction to hear the merits of the petition, it warrants no relief.  In O'Donald v. Johns, as in the present case, a § 2241 petitioner contended that the BOP had misinterpreted 18 U.S.C. § 3624(b), see supra note 1, and that "the plain language of the statute require[d] the BOP to calculate GTC based on the sentence imposed, not time served."  O'Donald, 402 F.3d at 173.  The Court of Appeals for the Third Circuit held: "Because the meaning of § 3624(b) is ambiguous, **we must defer to the BOP's interpretation** if it is **reasonable**."  Id. at 174 (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)) (emphasis added); see Gonzalez v. Holt, 2006 WL 888046, at *1 (3d Cir. Apr. 6, 2006) (citing O'Donald) (per curiam); Nye, 137 Fed. Appx. at 510.  The Third Circuit "agree[d] with the First, Seventh, and Ninth Circuits that **the BOP's interpretation [was] reasonable**."  O'Donald, 402 F.3d at 173 (emphasis added).  The Court in

O'Donald further explicitly declined to apply the "rule of lenity" because the ambiguity had been otherwise resolved. Id. at 174 (citing Caron v. United States, 524 U.S. 308, 316 (1998)) ("We do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute.").

Accordingly, the Court of Appeals held that "the District Court properly rejected [the petitioner's] challenge to the BOP's calculation of GCT." O'Donald, 402 F.3d at 173-74. Indeed, identical challenges to the calculation of GCT have been consistently rejected by the Third Circuit under the reasoning in O'Donald. See, e.g., Wyllie v. Hogsten, 2007 WL 2050901, at *1 (3d Cir. July 18, 2007) (per curiam); Gonzalez, 2006 WL 888046, at *1; Panek v. Apker, 155 Fed. Appx. 60, 61 (3d Cir. 2005) (per curiam); Jackson v. Holt, 153 Fed. Appx. 872, 872-73 (3d Cir. 2005) (per curiam); Hines v. Nash, 139 Fed. Appx. 441, 443-44 (3d Cir. 2005) (per curiam); Nye, 137 Fed. Appx. at 510.

In this case, petitioner raises the same challenge to the calculation of his GCT as that raised and rejected in O'Donald. As such, for the reasons set out in O'Donald, habeas relief would plainly not be warranted in this case even if this Court had jurisdiction.[2] See O'Donald,

---

2. It is further noted that "federal inmates are required to exhaust their administrative remedies prior to filing a § 2241 petition," see Razzoli v. FCI Allenwood, 2006 WL 89215, at *7 (M.D. Pa. Jan. 11, 2006) (citing Moscato v. Federal BOP, 98 F.3d 757, 760 (3d Cir. 1996)), and Wongus does not allege exhaustion of administrative remedies. While "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241," see Hines v. Smith, 2005 WL 1154410, at *1 (M.D. Pa. May 6, 2005) (quoting Moscato v. Federal BOP, 98 F.3d 757, 760 (3d Cir. 1996)), courts have denied on the merits § 2241 claims identical to the claims raised in the present petition without requiring exhaustion. See Christian v. Holt, 2005 WL 2990699, at *1, 3 (M.D. Pa. Nov. 8, 2005) (finding "no basis for an award of federal habeas corpus relief" based on O'Donald, the Court denied § 2241 petition on the merits despite petitioner's acknowledgment of failure to exhaust administrative remedies); Cassidy v. Smith, 2005 WL 1322774, at *2 (M.D. Pa. June 2, 2005) (finding that the "BOP has clearly set forth its policy regarding this matter" and that "it would be

402 F.3d at 174; see also Wyllie, 2007 WL 2050901, at *1; Gonzalez, 2006 WL 888046, at *1; Panek, 155 Fed. Appx. at 61; Jackson, 153 Fed. Appx. at 872-73; Nye, 137 Fed. Appx. at 510. In any event, in that this Court is without jurisdiction, the petition should be dismissed. See, e.g., Allen, 124 Fed. Appx. at 721; Mares, 868 F.2d at 151.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4. Rule 4 is applicable in § 2241 cases pursuant to Rule 1(b) of the habeas rules. Id., Rule 1(b); Tsoukalas v. United States, 2006 WL 1864697, at *1 (M.D. Pa. June 29, 2006), aff'd, 215 Fed. Appx. 152 (3d Cir. 1007).

Here, for the aforementioned reasons, it plainly appears that petitioner "is not entitled to relief requested in [this] district court," see 28 U.S.C. foll. § 2254, Rule 4. Accordingly, the petition should be dismissed pursuant to Rules 1(b) and 4 of the habeas rules, see 28 U.S.C. foll. § 2254, Rules 1(b) and 4. Cf. Harris v. Levi, 2006 WL 1791197, at *1-2 (D. N.J. June 27, 2006) (denying § 2241 petition pursuant to Rules 4 and 1(b) in light of reasoning set out in O'Donald); Christian, 2005 WL 2990699, at *1, 3 (same); Brown v. Linsey, 2005 WL 2387628, at *1-3

---

futile to attempt to administratively exhaust this issue," the Court denied § 2241 petition based on O'Donald), approved and adopted, 2005 WL 1653135 (M.D. Pa. July 5, 2005); Hines, 2005 WL 1154410, at *1 (noting that courts "may dismiss plainly meritless unexhausted claims," § 2241 petition was denied as meritless based on O'Donald); see also Wyman v. Nash, 134 Fed. Appx. 574, at n.1 (3d Cir. 2005) (although it was "unclear whether [the § 2241 petitioner had] exhausted his administrative remedies," the Court of Appeals rejected the merits of the claim based on O'Donald, noting that "exhaustion is an affirmative defense and [that] the petition [was] unopposed"). In this case, although petitioner fails to allege exhaustion of administrative remedies, the petition appears to plainly without merit.

(M.D. Pa. Sep. 28, 2005) (same).[3]

  My Recommendation follows.

---

3. It is noted that a determination need not be made as to whether a certificate of appealability ("COA") should issue in this case because § 2241 claims brought by federal prisoners "are excluded from the COA requirement." Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999) (citing cases from Tenth, Ninth, and Fifth circuits, the Court noted that "[t]he circuits that have addressed the issue have held that § 2253's COA requirement does not apply to § 2241 claims brought by federal prisoners"); see 28 U.S.C. § 2253(c)(1)(B); Daley v. Federal BOP, 192 Fed. 106, 109 (3d Cir. 2006) ("we conclude the [the] petition is most properly construed as a request for relief under section 2241, and that no COA is required here"), cert. denied, 127 S. Ct. 998 (2007); D'Amario v. Bailey, 2006 WL 1489208, at n.2 (3d Cir. May 31, 2006) (citing Sugarman) ("Because this appeal relates to a petition brought under § 2241, no [COA] is required.").

## **R E C O M M E N D A T I O N**

**AND NOW,** this 30th day of August, 2007, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, for the reasons given in the accompanying Report, **IT IS RECOMMENDED** that the petition be **DISMISSED**.

 /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE